IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED RADIOLOGY SERVICES, LLC,
      :
    Plaintiff
      :
  v                                          Civil Case No. L-11-59
      :
ADVOCATE RADIOLOGY BILLING
AND REIMBURSEMENT SERVICES, INC.  :

    Defendant                    :

o0o
**MEMORANDUM**

This is a commercial contract dispute. The Plaintiff, United Radiology Services, LLC ("United") alleges that the Defendant, Advocate Radiology Billing and Reimbursement Services, Inc. ("Advocate") fraudulently induced it to enter into a professional services contract by making extracontractual representations that it never intended to honor, and then breached the contract by failing to provide other services enumerated therein.

Now pending is Advocate's Motion to Dismiss or, in the alternative, for Summary Judgment. Docket No. 9. The Court has carefully reviewed the papers and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Court will, by separate Order, GRANT the Motion and direct United to file an Amended Complaint.

**I.    BACKGROUND**

United is a Maryland limited liability company providing radiology services. Advocate, in turn, provides billing and collection services for radiology practices. The parties entered into an agreement, dated March 1, 2008, under which Advocate was retained to provide such services

1

to United.  The Complaint alleges that, in addition to the services specifically listed in the agreement, Advocate represented that it would undertake certain other actions, such as sending staff members to United's office and opening a physical office of its own in Maryland. According to United, these representations were fraudulent when made, and improperly induced United to enter into the agreement.  United claims that when it learned of the misrepresentations, it offered to rescind the contract, and that while Advocate thereafter ceased providing services, it "refuses to restore United to its original position prior to the formation of the contract." Pl.'s Compl. 3, Docket No. 2.

United brought suit in the Circuit Court for Baltimore County, alleging Fraud in the Inducement and Breach of Contract.  Advocate timely filed a notice of removal to this Court, and on January 28, 2011, filed the pending Motion to Dismiss or, in the alternative, for Summary Judgment.[1]

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations]

---

[1] Pursuant to Local Rule 105.2, all memoranda in opposition to a motion shall be filed within fourteen days of service of the motion.  Accordingly, United's response to Advocate's Motion to Dismiss was due February 11, 2011.  See Fed. R. Civ. P. 6(a).  United filed no response, however, until February 22nd.  Docket No. 11.  This response consisted of a one-sentence boilerplate statement indicating that United opposed the Motion.  United then filed a "Memorandum of Grounds and Authorities" in support of its opposition on February 28th, more than two weeks after the deadline for doing so.  Docket No. 13.  The time limits set by this Court are not optional.  If counsel are having difficulty meeting filing deadlines, they must submit a motion requesting additional time.  To proceed otherwise risks that the opposing party's motion will be granted as unopposed.

and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).[2]

### III. ANALYSIS

United's Complaint contains two counts, each of which fails to plead a cause of action on which relief may be granted. Count I (Fraud in the Inducement) lists several representations allegedly made by Advocate. It then states in purely conclusory form that these representations were material to United's decision to enter into the agreement, that Advocate knew that they were false and made them with the intent to defraud, and that United justifiably relied and suffered damages.

Count II contains even less substance. It simply states that Advocate "failed to provide services as outlined pursuant to Section 1 of the agreement, including Section 1.01 (A), (D), (E), (F), (I), (J), and (N)." Pl.'s Compl. 3, Docket No. 2. It then claims that such failure constitutes a breach of the agreement and that United has incurred a loss of $1,000,000 as a result.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. As the Supreme Court made clear in Twombly, "[f]actual allegations must be enough to raise a right

---

[2] United, apparently unaware that its case is now in federal court, has filed a memorandum consisting almost entirely of citations to Maryland state law with regard to the standard of review. The lone mention of a federal case is an inexplicable citation to Duncan v. Children's Nat'l Medical Center, 525 U.S. 912 (1998), a one-line denial of certiorari from a case decided by the District of Columbia Court of Appeals.

to relief above the speculative level," and naked assertions are insufficient without some factual enhancement. See id. at 1964–65.

United's Complaint, however, is almost completely devoid of any factual content whatsoever. Nowhere is Advocate given any notice of what it is alleged to have done or failed to do. The Complaint never explains, for example, how the alleged representations were false or how United's reliance resulted in damages. Nor does it make clear how Advocate is meant to have breached the enumerated provisions of the agreement.[3] Rather, it presents precisely the type of "formulaic recitation of the elements of a cause of action" dismissed as inadequate in Twombly. Id. at 1965.

## IV.     CONCLUSION

For the foregoing reasons, United's Complaint must be dismissed for failure to state a claim. United will be given an opportunity, however, to remedy these defects and to show that its case is potentially meritorious. The Court will, by separate Order of even date, GRANT Advocate's Motion to Dismiss (Docket No. 9) and grant United 14 days from the date of the Order in which to file an Amended Complaint. Advocate will then have seven days from the date of United's filing to file an answer or other responsive pleading.

Dated this 25th day of March, 2011

/s/
_____
Benson Everett Legg
United States District Judge

---

[3]  This is especially puzzling in light of the Complaint's statement that "[u]pon learning of Advocate's misrepresentations, United promptly offered to rescind the contract. Advocate ceased to provide services . . . ." Pl's Compl. 3, Docket No. 2.